**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**CASE NO.:**

ST. MARY MISSIONARY
BAPTIST CHURCH,

      Plaintiff,

v.

OHIO CASUALTY INSURANCE
COMPANY,

      Defendant.

_____/

**<u>NOTICE OF REMOVAL</u>**

Defendant, OHIO CASUALTY INSURANCE COMPANY, by and through its undersigned counsel, and pursuant to 28 U.S.C. §1441 *et seq.*, hereby removes this action pending in the Circuit Court of the Fourteenth Judicial Circuit, in and for Calhoun County, styled *St. Mary Missionary Baptist Church v. Ohio Casualty Insurance Company*, Case No.:  2019-CA000080CAAXMX, to the United States District Court for the Northern District of Florida, and states:

## **TIMELY NOTICE OF REMOVAL**

1.      Plaintiff, St. Mary Missionary Baptist Church, filed suit in Calhoun County's Circuit Court on or about June 17, 2019.  On or about June 24, 2019, the Summons and Complaint was served upon the state's statutory agent for Defendant, Ohio Casualty, which was then forwarded to Ohio Casualty on June 26, 2019.[1]  This removal is being timely filed within 30 days of service.

2.      This is a civil action brought against Defendant, Ohio Casualty Insurance Company, by Plaintiff, St. Mary Missionary Baptist Church, seeking to recover damages allegedly caused by Hurricane Michael.  The Complaint contains one count alleging breach of contract.

3.      There is complete diversity of citizenship between the parties.

4.      At no time material to this action were Plaintiff or Defendant citizens of the same State. In addition, the amount in controversy exceeds $75,000.  The matter is also removed within one year of the filing of the lawsuit.

---

[1] *See* **Exhibit "A"**, Summons and Complaint.

## VENUE

5.      Venue is proper in the United States for the Northern District of Florida, Panama City Division, because the state court action originated in Calhoun County, Florida.[2]

## JURISDICTION

6.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## DIVERSITY OF CITIZENSHIP

7.      At the time this action was commenced, at the present time, and at all times material to this action, Plaintiff was, and is, a Florida Association or Corporation, organized under the laws of Florida, with its principal place of business in Florida. Therefore, Plaintiff is a citizen of Florida.

8.      At the time this action was commenced, at the present time, and at all times material to this action, Ohio Casualty Insurance Company was, and is, a foreign corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts, and is authorized to

---

[2] *See* Local Rule 3.1.

issue insurance policies in the State of Florida.  Accordingly, Ohio Casualty Insurance Company is a citizen of New Hampshire and Massachusetts for purposes of determining diversity under 28 U.S.C. §1332(c)(1).  As such, complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

9.     At no time were Plaintiff and Defendant citizens of the same state for purposes of this removal.

## **AMOUNT IN CONTROVERSY**

10.    Plaintiff sued Defendant for breach of an insurance policy for alleged failure to pay for a covered loss.

11.    Although the Plaintiff's state court Complaint does not specify an amount in controversy, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff submitted a Sworn Statement in Proof of Loss on November 30, 2018, claiming $480,667.72 in net damages caused by an alleged covered cause of loss.[3]

12.    Additionally, the Complaint demands attorney's fees.  "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included

---

[3] *See* **Exhibit "B" –** Sworn Statement in Proof of Loss

in the amount of controversy." *Morrison v. Allstate Indem. Co.,* 288 F.3d 1255, 1265 (11th

Cir. 2000).

13.     Accordingly, when considering attorneys' fees along with the amount of

the claim, the amount of controversy exceeds $75,000, exclusive of interest and costs.

### CONCLUSION

14.     Defendant, Ohio Casualty Insurance Company, removes this case to the

United States District Court for the Northern District of Florida.

15.     Defendant demands a trial by jury on all issues so triable.

16.     Promptly after filing this notice of removal, Defendant, Ohio Casualty

Insurance Company, will give written notice to all adverse parties, and will file a copy of

this notice with the clerk of the State court pursuant to 28 U.S.C. §1446(d).

17.     28 U.S.C. §1446(a) requires Defendant, Ohio Casualty Insurance

Company, to file copies of all process, pleadings, and orders served upon it.  Those

documents are attached hereto along with the docket sheet.[4]

WHEREFORE, Defendant, OHIO CASUALTY INSURANCE COMPANY,

respectfully requests this Honorable Court exercise jurisdiction over this matter.

---

[4] *See* **Exhibit "C"**

BUTLER WEIHMULLER KATZ CRAIG LLP

_____

MICHAEL A MONTGOMERY, ESQ.
Florida Bar Number:  0806811
mmontgomery@butler.legal
Secondary:   tmarksman@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant, Ohio Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2019, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that a true and correct copy of the foregoing has been furnished this day via Electronic Mail to:

Thomas J. Morgan, Jr., Esq.
The Morgan Law Group, P.A.
55 Merrick Way, Suite 404
Coral Gables, FL  33134
mlg.eservice@morganlawgroup.net
Attorneys For:  Plaintiff

_____

MICHAEL A MONTGOMERY, ESQ.